was present in the home when the defendant was in possession of concealed drugs and weapons is legally sufficient to support the defendant's conviction for doing an act that tended to cause a child to become neglected or delinquent so as to tend to come under the jurisdiction of the juvenile division of the probate court. MCL 750.145. The parties may file supplemental briefs within 42 days of the appointment of appellate defense counsel, but they should not submit mere restatements of their application papers. Court of Appeals No. 278826.

PEOPLE V PLUNKETT, No. 138123. We direct the clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(G)(1). At oral argument, the parties shall address whether MCL 750.317a encompasses the defendant's actions in this case. The parties may file supplemental briefs within 42 days of the date of this order, but they should not submit mere restatements of their application papers.

The Criminal Defense Attorneys of Michigan and the Prosecuting Attorneys Association of Michigan are invited to file briefs amicus curiae. Reported Below: 281 Mich App 721.

*Summary Disposition April 24, 2009:*

UNTHANK V WOLFE, No. 138172. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we vacate the portion of the opinion of the Court of Appeals pertaining to standing. The Court of Appeals should not have considered the validity of the guardianship order entered by the probate court in a separate proceeding in considering whether plaintiffs had standing to bring a custody action. See *In re Hatcher*, 443 Mich 426, 438-444 (1993); *Altman v Nelson*, 197 Mich App 467, 472-479 (1992). The court's standing analysis was unnecessary to its otherwise proper holding. In all other respects, the application for leave to appeal is denied because we are not persuaded that the questions presented should be reviewed by this Court. Reported below: 282 Mich App 40.

CORRIGAN, J. (*concurring*). I concur in the Court's order vacating the portion of the Court of Appeals judgment pertaining to standing. I write separately to observe that probate and circuit courts should be aware of and comply with the statutory procedure that exists to insure the orderly and efficient resolution of cases involving both guardianship and child custody proceedings. When a guardian or limited guardian brings a child custody action, MCL 722.26b(5) requires the circuit court to request that the Supreme Court assign the probate judge who appointed the guardian or limited guardian to serve as the circuit judge and hear the child custody action. Although the probate judge who presided over the guardianship proceeding in this case was eventually assigned to hear the child custody action, the circuit court's 11-month delay in deciding defendant Christine Wolfe's appeal of the probate court's guardianship decision intolerably delayed the resolution of this child custody matter. The statutory directive is clear-cut and should be followed.

The courts also fell far short of compliance with the caseflow management guidelines issued by this Court. The guidelines direct probate

courts to adjudicate 75 percent of all guardianship matters with 182 days of filing; 90 percent within 273 days; and 100 percent within 364 days, except in exceptional circumstances. Administrative Order No. 2003-7. The guidelines direct circuit courts to adjudicate 90 percent of all custody disputes within 147 days and 100 percent within 238 days. *Id.* In this case, the Unthanks filed a motion for third-party custody on May 15, 2005, and a petition seeking temporary guardianship on June 3, 2005. It was not until May 19, 2006, that that circuit court decided Wolfe's appeal of the probate court's guardianship order, and not until February 20, 2008, that the probate court entered an order denying the Unthanks' motion for custody and awarding Wolfe sole custody of the child. The courts' failure to abide by our time guidelines is distressing in this tragic case.

HATHAWAY, J. I would grant leave to appeal.

*Leave to Appeal Denied April 24, 2009:*

VANSLEMBROUCK V HALPERIN, No. 135893. On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we vacate our order of June 25, 2008. The application for leave to appeal the January 15, 2008, judgment of the Court of Appeals is denied, because we are no longer persuaded that the question presented should be reviewed by this Court. Reported below: 277 Mich App 558.

CORRIGAN, J. (*dissenting*). I would reverse the clearly erroneous decision of the Court of Appeals. In this case alleging medical malpractice, the Court incorrectly characterized MCL 600.5851(7) as a statute of limitations. *Vanslembrouck v Halperin*, 277 Mich App 558, 569 (2008). To the contrary, because the Legislature enacted § 5851(7) as an exception to the minority saving provision in § 5851(1)—which is indisputably a saving provision, not a statute of limitations—the statutory scheme clearly conveys that § 5851(7) is not a separate statute of limitations. Further, § 5851(7) does not function as a "statute of limitations" as this phrase is used in legal parlance; "statute of limitations" is a legal term of art describing statutes that set "a time limit for suing . . . based on the date when the claim accrued . . . ." Black's Law Dictionary (7th ed). Sections 5851(1) and (7) provide additional time based *not* on the date of accrual, but on the age of the child, during which a plaintiff may file suit. As § 5851(7) itself acknowledges, the statutory scheme defines accrual in a distinct statute: MCL 600.5838a. Because § 5851(7) is not a statute of limitations, the time during which plaintiff was required to file suit under § 5851(7) was not tolled during the statutory waiting period that began when she mailed the notice of intent to file suit. See MCL 600.2912b; MCL 600.5856(c); *Waltz v Wyse*, 469 Mich 642, 650 (2004). Accordingly, because plaintiff filed the complaint after the limitations and saving periods expired, her suit was untimely as a matter of law. The suit should be dismissed with prejudice.

The parties agree that § 5851(7) applies to this case because the child plaintiff was allegedly injured at birth. The two relevant subsections of § 5851 provide: